

*In the*

*Missouri Court of Appeals*

*Western District*

GREG HALL,

        **Appellant,**

v.

LOWELL FOX AND GINA FOX, ET AL.,

        **Respondents.**

**WD76147**

**OPINION FILED:**

**APRIL 1, 2014**

**Appeal from the Circuit Court of Buchanan County, Missouri
The Honorable Keith Bradley Marquart, Judge**

**Before Division Three: Anthony Rex Gabbert, P.J.,
Victor C. Howard, J., Zel Fischer, Sp.J.**

Greg Hall appeals the circuit court's judgment that he breached his contract on the construction of an addition for the Abbey Woods Nursing Home[1] ("Abbey Woods"). Hall raises a single point on appeal. He argues that the circuit court erred in finding that he breached his construction contract. He contends that there was no mutuality of assent to the terms of the contract because the evidence demonstrated a course of conduct where Hall billed on a time and

---

[1] Abbey Woods is owned and operated by Heritage Healthcare Holdings, Inc. Diamond Health Care Corporation owns the real estate and Heritage pays Diamond rent. Lowell Fox is the sole shareholder and director of both Heritage and Diamond. Lowell Fox passed away before the end of the trial. We will refer to Abbey Woods, Heritage, and Diamond as simply Abbey Woods hereinafter in the opinion.

materials basis and Gina Fox[2] thought there was a fixed price and time of performance contract. We affirm.

## Factual Background

Abbey Woods was looking to add an Alzheimer's wing onto its facility. Fox contacted Hall and received a bid for the addition. This bid had a quoted price of $50,000. This bid included a statement that the quoted price included all material, labor, permits and all related items shown in the architectural plans. Fox also received six other bids. After reviewing the bids, Fox decided to hire Hall.

Throughout the construction process, Hall would send bills to Fox for payment of the labor and material costs, and Fox would pay them. Towards the end of the project, Hall presented Fox with a bill for roughly $15,000. After reviewing payments already made, Fox realized that she had already paid Hall approximately $63,000. As a result, Fox refused to pay Hall for the bill. Hall failed to finish to the job and Fox hired someone else to finish it.

Hall sued Abbey Woods and both Lowell and Gina Fox for breach of contract, petition of account, and quantum meruit. Abbey Woods and the Foxes filed a counterclaim for breach of contract. The court found for Abbey Woods and the Foxes, awarding $9,579 in damages plus $12,000 for attorney's fees. Hall appeals.

## Standard of Review

In court tried cases, this Court will affirm the circuit court's judgment unless it is against the weight of the evidence, there is no substantial evidence to support it, or it erroneously

---

[2] Gina Fox is the wife of Lowell Fox. Gina Fox runs the day-to-day operations of Abbey Woods. It was Gina Fox who worked with Hall on the project. As a result, we will refer to Gina Fox by her last name only throughout the opinion unless a distinction between Lowell and Gina Fox needs to be made.

declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). It is the appellant's burden to demonstrate that the circuit court's judgment is erroneous. *Kells v. Mo. Mountain Props., Inc.*, 247 S.W.3d 79, 81 (Mo. App. 2008). "We accept as true the evidence and reasonable inferences therefrom in favor of the prevailing party and disregard the contrary evidence." *Harrison v. DeHeus*, 230 S.W.3d 68, 74 (Mo. App. 2007).

**Mutuality of Assent**

In his sole point on appeal, Hall argues that the trial court erred in finding that he breached his contract for the addition to Abbey Woods. He contends that there was no mutuality of assent between the two parties because the evidence shows that Hall billed and was paid on a time and material basis, while Fox thought the contract was a fixed price and fixed performance contract. We find no error.

In determining whether there is mutual assent to the terms, we look to the parties' actions and words. *Tom's Agspray, LLC v. Cole*, 308 S.W.3d 255, 259 (Mo. App. 2010). "[N]egotiations or preliminary steps towards a contract do not themselves constitute a contract." *L.B. v. State Comm. of Psychologists*, 912 S.W.2d 611, 617 (Mo. App. 1995). "The existence of a contract necessarily implies that there has been a 'meeting of the minds' between the parties which the court can determine by looking to the intentions of the parties as expressed or manifested in their words or acts." *Id.* "Whether there was 'a meeting of the minds' is a question of fact for the fact finder—in this case, the trial court." *Tom's Agspray, LLC*, 308 S.W.3d at 259.

After reviewing the record, there is substantial evidence that the parties' words and actions manifest that there was mutual assent to the contract. Here, Hall testified that he prepared a bid with Fox, who typed it on Hall's letterhead. The bid laid out the estimated costs of the different components of the project (e.g. electrical, floor, painting) and was based on the

architectural plans of the addition. The quoted price for the project was $50,000. Following the quoted price, the bid states:

> This quoted price includes all material, labor, permits and all related items within the specifications as provided by Creal Clark & Seifert for the Alzheimer's addition only, and not to exceed the total price quoted. However if the customer requests us to perform additional work beyond the specifications of Creal Clark & Seifert the customer agrees to pay subsequent invoices and pay them within 30 days.

At the bottom of bid, Hall signed it. After receiving six other bids, Fox accepted Hall's bid and Hall began working on the project.

During the project, there were changes made to the plan. The contract stated that if the customer wanted additional work done that was not in the architectural plan than the customer would agree to pay the subsequent invoices within thirty days. Fox did request changes to the plan, including upgraded windows that cost more money. However, the record reflects that these additional changes were paid for by Fox and did not result in any additional expenses to Hall. While the contract is silent about changes to the plan by Hall, Hall did present Fox with several suggested changes that would save money, including keeping a part of the outside wall, not completely removing an electrical panel, using a different sink, and reusing an old countertop. Fox approved these recommended changes.

While the contract addressed potential changes, it failed to address how or when Hall was to be paid. Hall argues that there was no mutuality of assent to the terms of the contract because the evidence showed that the course of conduct suggested a time and materials based contract and not a fixed price and fixed performance contract like Fox thought. However, when we look at the parties' actions and words to see if there is mutual assent, "[t]he standard is what a reasonably prudent person would be led to believe from the actions and words of the parties…"

*Silver Dollar City, Inc. v. Kitsmiller Constr. Co.*, 931 S.W.2d 909, 914 (Mo. App. 1996). Under the facts of this case, a reasonably prudent person would have believed just as Fox did. Here, Fox was presented with seven bids. She selected Hall's bid with the quoted price of $50,000. Hall billed Fox based upon labor and material costs. Fox in turn paid the bills, believing that the cost would not exceed the contracted price of $50,000 unless she requested changes different from the plan. The record reflects that any changes to the plan requested by Fox did not result in any additional expense to Hall and were paid by Fox.

Moreover, even though the contract was silent about how or when Hall was to be billed, such silence does not mean that the contract lacked mutual assent because the conduct of the parties demonstrated how payment was to be made. *But see Building Erection Services Co. v. Plastic Sales & Mfg. Co., Inc.*, 163 S.W.3d 472, 478-79 (Mo. App. 2005) (finding that there was no mutual assent regarding a skylight project because "neither the written contract *nor the conduct of the parties*" demonstrated that an agreement had been reached) (emphasis added). Here, Hall periodically presented bills to Fox that showed how much the labor and materials cost for a given period. Fox paid the bills that were given to her until Hall presented her with a bill for $15,000 near the end of the project. Fox failed to pay this bill because she realized that she had already paid Hall $63,000. Thus, the conduct of Hall and Fox showed that there was mutual assent as to how payment was to be made.

We conclude, therefore, that the circuit court did not err in finding that Hall breached his contract because there is substantial evidence on the record that there was mutual assent to the contract. We affirm the circuit court's judgment.

_____
Anthony Rex Gabbert, Judge

All concur.